IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-317-WHA |
| ) | [WO] |
| LOUIS BOYD, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Rodney Alverson ["Alverson"], a state inmate currently incarcerated at the Draper Correctional Facility, on April 6, 2012.[1]  In this petition, Alverson challenges various convictions imposed upon him by the Circuit Court of Jefferson County, Alabama in September of 2008.

**II.  DISCUSSION**

"[A]n application for a writ of habeas corpus ... made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts ... may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The petition indicates Alverson submitted the petition for mailing on April 6, 2012.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 6.  In light of the foregoing and for purposes of the proceedings herein, the court considers April 6, 2012 as the date of filing.

and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Alverson is presently incarcerated at the Draper Correctional Facility in Elmore, Alabama. This facility is located within the jurisdiction of the this court. In the instant habeas petition, Alverson, however, attacks the constitutionality of convictions imposed upon him by the Circuit Court of Jefferson County, Alabama and requests relief from such convictions. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, concurrent jurisdiction exists between this court and the United States District Court for the Northern District of Alabama.

Upon thorough review of the petition and in the furtherance of justice, the court concludes transfer of this case to the United States District Court for the Northern District of Alabama for review and disposition is appropriate.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama.

It is further

ORDERED that on or before May 3, 2012 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is

not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE